No. 34,209

THE STATE OF KANSAS, ex rel. CLARENCE V. BECK, Attorney General, *Plaintiff,* v. THE CITY OF KANSAS CITY; DON C. McCOMBS, as Mayor-Commissioner; H. F. SCHAIBLE, as Commissioner of Boulevards, Parks and Streets, and GEORGE T. DARBY, as Commissioner of Finance, Health and Public Property, *Defendants.*

(84 P. 2d 409)

Opinion filed November 18, 1938.

*Clarence V. Beck,* attorney general, and *Theo. F. Varner,* assistant attorney general, for the plaintiff.

*Alton H. Skinner,* city attorney, *Joseph A. Lynch,* deputy city attorney, *A. L. Berger, E. S. McAnany, James L. Hogin* and *Donald Corson,* all of Kansas City, for the defendants.

*C. W. Trickett,* of Kansas City, as *amicus curiae.*

*Per curiam:* This is an original action in the nature of quo warranto in the name of the state by the attorney general. It calls in question certain proceedings instituted by the city of Kansas City to establish on its public levee in that portion not now occupied by other improvements a wholesale food terminal market. The city claims to be acting under its statutory authority to establish, construct, operate and regulate markets and market terminals for perishable foods, and that it is proceeding under the provisions of chapter 43 of the Laws of 1933 (Special Session), as amended by chapter 135 of the Laws of 1937, G. S. 1937 Supp. 13-1238 *et seq.*

The attorney general raises certain legal questions which we have carefully considered, but none of which, in our judgment, is of sufficient gravity to warrant judicial interference with the corporate activities now contemplated and being undertaken by the city.

As time is of vital importance to an early decision, we hold that judgment should be entered forthwith in the city's behalf. A formal opinion will follow when it can be prepared; but meantime, as an outline of it, and for whatever help it may give to all concerned, we set down herein a synopsis of our views on the matters involved:

1. That chapter 43 of the Laws of 1933 (Special Session), as amended by chapter 135 of the Laws of 1937, does not violate the provisions of article XII, section 5, of the constitution, nor does it contain any other constitutional infirmity.

2. That chapter 43 of the Laws of 1933 (Special Session), as amended by chapter 135 of the Laws of 1937, vests in the defendant city power and authority to issue revenue bonds for the purpose of obtaining funds for the construction of a wholesale terminal fruit and vegetable market, and that power and authority to construct such market is vested in said city by said statute above named, and other statutes heretofore enacted.

3. That the revenue bonds authorized to be issued under the provisions of ordinance No. 30206, and the amendatory ordinance No. 30239, will not constitute general obligations of the city of Kansas City, and that such bonds cannot be paid from taxes assessed against the general property in said city.

4. That the covenants and agreements made on behalf of Kansas City under the terms and provisions of said ordinance No. 30206, as amended by ordinance No. 30239, and contained in the form of the bonds as specified in said ordinances, are within the lawful powers of said city to make. Those covenants and agreements are not reasonably susceptible of an interpretation that they obligate the city to use moneys from sources other than the revenues from the improvements for their operation and maintenance.

5. That the provisions of said ordinance No. 30206, as amended by ordinance No. 30239, as to the funds and revenues applicable to the payment of said bonds, and contained in the form of bond, to wit:

"This bond and the interest hereon are payable solely from the money and revenue received by said city from the fees charged and rental received for the use of the property and facilities improved, constructed, reconstructed, repaired or otherwise improved by the proceeds, in whole or in part, of the revenue bonds of said city, issued or to be issued as aforesaid, and from the revenues of the public levee and the facilities connected therewith, together with the revenues from any improvements and extensions to the public levee, and not from any other fund or source. This bond shall not be or constitute a general obligation of said city of Kansas City, Kansas."

are in strict accord with and fully authorized by the provisions of chapter 43 of the Laws of 1933 (Special Session), as amended by chapter 135 of the Laws of 1937, and that said ordinances are valid, and duly and regularly enacted.

6. That the sale of the bonds at a price not less than par and accrued interest, pursuant to the notice of bond sale, published once in the official city paper, in the issue of November 12, 1938, a copy of which notice is set out in the pleadings, is in compliance with and authorized by statute G. S. 1935, 10-106.

Touching the suggestion made by the attorney general and by an *amicus curiae*, that if the revenues to which alone the holders of the proposed issue of bonds will be entitled to look for payment are insufficient to meet the principal and interest thereof according to their terms, some court may be persuaded to subject the city to liability which will have to be met from the general revenues of the city, the obvious and complete answer thereto is that public business could never be carried on if such hypothetical possibilities would warrant judicial interference with proceedings which public officers, official boards and commissions, or municipal corporations, set about to do under express authority of statute. This action being, in part at least, a proceeding to obtain a declaratory judgment, we hold that the general revenues of Kansas City cannot be used to pay any part of the proposed bond issue, and that the generality of taxpayers of the city shall not be liable, directly or indirectly, for any expense in connection with said improvements, or for the maintenance, repair, insuring or rebuilding thereof, and that no judgment can be rendered by any court, payable by taxes or from the general revenues of the city by reason of any covenants or contractual agreements contained in said bonds or in said Ordinance No. 30206, or any amendment thereof, or in any manner connected with the levee improvements that have been or may hereafter be constructed under this statute; and that all covenants, contracts and agreements contained in this ordinance shall be payable only from the revenue of said levee improvements and shall not be paid from any general funds or general revenues of the city or any department thereof.

In accordance with the foregoing, the state's petition for ouster against the city and its co-defendants is denied, and final judgment is hereby rendered in their behalf.